996 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Beverly Ann SEYMOUR, Petitioner-Appellant,
v.
Christine MONEY, Warden, Respondent-Appellee.
 No. 92-4305.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1993.
 
 Before MERRITT, Chief Judge, and JONES and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Beverly Seymour, a pro se Ohio prisoner, appeals a district court judgment dismissing her petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In November 1990, a jury found Seymour guilty of voluntary manslaughter. The court sentenced Seymour to an 8-to 25-year term of imprisonment to be followed by a 3-year term for a firearm specification. It set her appeal bond at $250,000. Seymour has filed an appeal in the state court from her conviction. Seymour also filed a motion to reduce bond and a motion to stay execution of sentence in the Ohio Common Pleas Court, alleging that her appeal bond was excessive. These motions were denied. The Ohio Court of Appeals denied similar motions.
 
 
 3
 In her petition for a writ of habeas corpus, Seymour argues that the trial court set her appeal bond at an excessive amount in violation of her Eighth Amendment right to "fair and reasonable" bond and in violation of her right to equal protection under the laws. The district court denied the petition as without merit. Seymour has filed a timely appeal.
 
 
 4
 Upon review, we affirm the district court's judgment because Seymour has not shown that the proceedings against her were fundamentally unfair or that they resulted in her unjust confinement. Cf. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 5
 Seymour's claim that the trial court set her bail at an excessive amount was properly dismissed because she has not established that the state judge acted arbitrarily in setting her bail. See United States ex rel. Garcia v. O'Grady, 812 F.2d 347, 357 (7th Cir.1987); United States ex rel. Fitzgerald v. Jordan, 747 F.2d 1120, 1133 (7th Cir.1984) (Easterbrook, J., concurring), cert. denied, 471 U.S. 1056 (1985).
 
 
 6
 Accordingly, the district court's judgment dismissing Seymour's petition for a writ of habeas corpus is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.